Of Counsel:
CRONIN, FRIED, SEKIYA,
  KEKINA & FAIRBANKS

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 28 2011

at 3 o'clock and __ min __ M.
SUE BEITIA, CLERK

L. RICHARD FRIED, JR.     764-0
HOWARD G. McPHERSON   5582-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-1433
Facsimile: (808) 536-2073
E-mail: cfskf@croninfried.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAURA BACHRACH-PROBER and CHARLES G. PROBER,<br><br>Plaintiffs,<br><br>vs.<br><br>SPEEDISHUTTLE, LLC,<br><br>Defendant. | CIVIL NO. CV11 00072 ACK KSC<br><br>COMPLAINT; JURY DEMAND; SUMMONS |

## COMPLAINT

Plaintiffs Laura Bachrach-Prober and Charles G. Prober, for complaint against Defendant SpeediShuttle, LLC, allege and aver as follows:

1. Plaintiffs are, and were at all material times, citizens and residents of California. Plaintiffs are husband and wife.

2. Defendant is, and was at all material times, a citizen of Hawaii, organized under the laws in Hawaii, with its principal place of business in Hawaii.

3. As set forth more fully below, the amount in controversy herein exceeds $75,000, exclusive of interest and costs. The Court has subject matter jurisdiction based on the amount in controversy and diversity of the parties, pursuant to 28 USC § 1332.

4. Venue is properly laid in this District in that the acts and omissions hereinafter complained of occurred here.

5. Among its business activities, Defendant operates shuttle van service in and around the Kapalua Bay resort area in West Maui, Hawaii.

6. On February 19, 2010, one of Defendant's driver-employees was driving a shuttle van in the course and scope of his employment at the intersection of Kapalua Drive and the entrance to the Pineapple Grill Restaurant at the Kapalua Bay Course.

7. The driver stopped the shuttle van at the stop line at the intersection to come out of the parking area from the Pineapple Grill Restaurant, but he was not paying proper attention to pedestrians, including the Plaintiffs, who were passing in front of him.

8. Plaintiff Charles G. Prober passed in front of the Defendant's shuttle van at that place and time while jogging and Plaintiff Laura Bachrach-Prober followed him, jogging behind him into the intersection, while the shuttle van was still stopped at the stop line.

9. While Plaintiff Laura Bachrach-Prober was in the intersection passing in front of the shuttle van, the driver of the shuttle van started forward, without keeping a proper lookout, and struck Plaintiff Laura Bachrach-Prober, knocking her to the ground.

10. The Defendant, through its shuttle van driver-employee, was negligent at that place and time in that the driver failed to pay proper attention to his surroundings and, specifically, failed to keep a proper lookout for pedestrians already in the intersection before starting from the stop line.

11. As a direct and proximate result of the Defendant's negligence, Plaintiff Laura Bachrach-Prober incurred medical costs and expenses in amounts to be determined at the time of trial. Medical expenses incurred to date exceed the jurisdictional requirements of H.R.S. § 431:10C-306 (tort threshold).

12. As a further direct and proximate result of the Defendant's negligence, Plaintiff Laura Bachrach-Prober's ability to work and to carry out her professional responsibilities, and to perform normal household tasks and chores at her home, were all impaired, to an extent to be proven at the time of trial.

13. As a further direct and proximate result of the Defendant's negligence, Plaintiff Laura Bachrach-Prober has suffered physical and emotional pain and loss of enjoyment of life, to an extent to be proven at the time of trial.

14. As a further direct and proximate result of the Defendant's negligence, Plaintiff Charles G. Prober has suffered loss of consortium because of his wife's aforesaid injuries, to an extent to be proven at the time of trial.

WHEREFORE, Plaintiffs request that judgment be entered in their favor, against the Defendant, awarding them the following:

A. General and special damages according to proof;

B. Costs of suit, interest, and attorneys fees; and

C. Such further relief the Court may deem just and proper.

DATED: Honolulu, Hawaii, January 28, 2011

L. RICHARD FRIED, JR.
HOWARD G. McPHERSON
Attorneys for Plaintiffs